IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD L. JONES,

    Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

Civil No. 05-382-AA
OPINION AND ORDER

---

David Hittle
Swanson, Lathen, Alexander & McCann
388 State Street, Suite 1000
Salem, Oregon 97301
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil Evans
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Jeffrey Baird
Special Assistant U.S. Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:

    Claimant, Donald Jones, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g),1383(c)(3), to

1    - OPINION AND ORDER

obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Id. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed his application for DIB in April 2002. Tr. 61-63. He alleged an inability to work beginning September 16, 2001, due to a variety of health issues including depression and post-traumatic stress disorder after serving two tours in Viet Nam. After plaintiff's applications were denied initially, and upon reconsideration, on May 16, 2003, plaintiff filed a timely request for hearing. Tr. 16. On December 6, 2004, after a hearing, the Administrative Law Judge (ALJ) ruled that plaintiff was not disabled and could return to his past relevant work. Tr. 16-25. The Appeals Council denied plaintiff's request for review. Tr. 5-7. The ALJ's decision thus became the final agency decision. See 20 C.F.R. §§ 404.981, 416.1481, 422.210 (2005).

## STATEMENT OF THE FACTS

Plaintiff was born on September 2, 1948. Tr. 144. He was 53 years old when he stopped working on September 18, 2001, and 56 years old at the time of the hearing. Tr. 463. Plaintiff has a high school education plus two years of college. Tr. 87. Plaintiff has been married to his wife for approximately 26 years, and they have two grown sons. Tr. 133, 464.

Plaintiff served in the U.S. Army from May 8, 1967, to April 30, 1970, including two tours of duty in Viet Nam. Tr. 61,

2   - OPINION AND ORDER

188, 313. During his first tour plaintiff was assigned to the 173rd Airborne and fought in the battle at Dak To where was one of 22 soldiers out of 200 that were not killed or wounded. Tr. 188. Plaintiff was ultimately wounded during his second tour of duty and received a purple heart. Tr. 137. In January 1999, plaintiff sought assistance from a VA counselor for anger problems. Tr. 188. In March 1999, plaintiff was diagnosed with Post Traumatic Stress Disorder and Major Depression. Tr. 138.

Ron Williams, plaintiff's supervisor with the City of Salem where plaintiff worked as a traffic control technician/supervisor until June 18, 2001, prepared a memo dated June 26, 2001, stating that plaintiff had become very antisocial and withdrawn in his dealing with other employees, which was not acceptable due to his position as a supervisor. Tr. 130. Williams also noted that plaintiff missed work at least one to two days a week over the last year of his employment and was demonstrating poor judgment. Id.

Plaintiff's wife also prepared a written statement dated July 28, 2004, noting that plaintiff had not been dealing well with stress. This had caused several problems, including no coping skills by the end of a routine work day; no energy or interest in doing any extra curricular activities; insisting on isolating himself and missing a lot of work - at least 1 day a week and sometimes more. Tr. 133. She also said that plaintiff has a difficult time waking up in the morning and getting out of bed, he is always tired, and has a difficult time remaining interested in his work even though he "really enjoys the work, duties and people." Id.

3   - OPINION AND ORDER

Plaintiff's wife stated that she frequently has to remind plaintiff to shower, shave and brush his teeth. Tr. 134. Plaintiff has two broken teeth that he hasn't bothered to get repaired for over a year, and plaintiff has frequent mood swings. Id.

Plaintiff testified at the hearing that he routinely isolates himself, even while at work. Tr. 464. He experienced a difficult time dealing with people in his job. His temper would flare and he was unable to be effective at work dealing with coworkers and the public. Id. Plaintiff stated he had frequent panic attacks and had to leave work to go home. Tr. 466. He would not leave his house for three or four days. Id. Plaintiff testified that his temper would flare away from work, for example, yelling at other drivers while on vacation ("road rage"). Tr. 468. He also reported occasional verbal altercations with his two immediate supervisors. Tr. 471.

On March 20, 2002, the VA awarded plaintiff a 100% service connected disability. Tr. 156. The VA found that plaintiff was "unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities" and "unable to continue employment due to his posttraumatic stress disorder symptoms." Tr. 155.

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable

4   - OPINION AND ORDER

mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments

5  - OPINION AND ORDER

that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

Based on the 5-Step Sequential Process outlined above, the ALJ found at Step One that plaintiff was not engaged in "substantial gainful activity" since his alleged onset date of disability. At Step Two, the ALJ found that plaintiff had "severe" impairments. Findings by the ALJ at Steps One and Two are not in dispute. At Step Three, the ALJ found that these medically determinable impairments do not meet or equal one of the listed impairments. This Finding is in dispute. The ALJ next determined that plaintiff retained the residual functional capacity for medium work, no heights, no climbing ladders, ropes, or scaffolds, no highly technical decision making requiring close

6   - OPINION AND ORDER

interaction with supervisors, no highly stressful situations, no production quotas, and inability to accept criticism or suggestions from those in authority. See 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945. This Finding is in dispute. At Step Four, the ALJ found that plaintiff was able to perform past relevant work as a "roofer, framer, and sawyer." Tr. 24. This Finding is also in dispute.

Plaintiff alleges that the ALJ erred by disregarding the United States Department of Veteran's Affairs (DVA) 100% service-connected disability rating; the written statement from plaintiff's wife; and the memo from plaintiff's supervisor and payroll records from plaintiff's last employer. I agree and reverse and remand the ALJ's decision for payment of benefits.

The defendant acknowledges that the ALJ considered some VA records, however, the ALJ failed to explain the weight given to the DVA Disability Rating. Tr. 18-20. Further, the defendant acknowledges that the ALJ failed to address lay testimony. Tr. 130-34. The defendant, however, argues that these errors "could be addressed with further proceedings," and requests that this court remand the case back to the ALJ. Defendant's Memorandum in Support of Remand, p. 4.

I disagree with the defendant that the record in this case "remains ambiguous and undeveloped." Id. at p. 6. The court may direct an award of benefits when, as here, the record has been fully developed and further administrative proceedings would serve no useful purpose. Smollen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). This is true when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting plaintiff's

7   - OPINION AND ORDER

evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the plaintiff disabled if he considered the plaintiff's evidence. Id.; Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989).

The record contains an August 16, 2001, Rating Decision from the DVA granting plaintiff a 70% disability effective March 9, 2001. Tr. 152. The disability rating was based upon a finding that: "The VA examination clearly demonstrates that the veteran has deficiencies in the areas of work, family relations, judgment, thinking and mood due to his symptoms of PTSD and major depressive disorder. He suffered from suicidal and homicidal ideation, impaired impulse control, neglect of personal appearance and hygiene, difficultly in adapting to stressful circumstances, and inability to establish and maintain effective relationships." Tr. 152.

The record also contains a March 20, 2002, Rating Decision from the DVA increasing plaintiff's disability rating to 100% because "the claimant is unable to secure or follow a substantially gainful occupation as the result of service-connected disabilities. The veteran is unable to continue employment due to his posttraumatic stress disorder symptoms." Tr. 155.

Due to the "marked similarity between [the SSA and VA] federal disability programs," and the identical governmental purpose of providing benefits to those unable to work because of a serious disability, a DVA disability rating is entitled to

8  - OPINION AND ORDER

"great weight" in a social security disability hearing and "must be considered by the ALJ." McCartey v. Massanari, 299 F.3d 1072, 1075-76 (9th Cir. 2002)(ALJ erred in disregarding a 80% VA disability rating, solely based on that error, court reversed and remanded for award of benefits).

Although it is true that the ALJ generally "considered" the VA medical records at issue here, tr. 18-20, the ALJ's decision fails to disclose a single reference to the DVA 100% Disability Rating, or any reason for failing to give the Rating "great weight."

Similarly, the ALJ disregarded lay testimony and evidence without comment. The record contains a June 26, 2001, memo from Ron Williams, plaintiff's supervisor for five years at his last employment. Tr. 130. This memo was prepared and considered by the VA in determining plaintiff's 100% service-connected disability rating based on plaintiff's unemployability. Tr. 154. Williams' statement was supported by a statement from Bonnie Irwin, Payroll Department, who confirms that plaintiff missed work for 56 days from October 30, 2000, to June 23, 2001, an average of approximately 7 days per month. Tr. 73-75.

Lay witness statements cannot be disregarded by the ALJ without comment. Nguyen v. Chater, 100 F.3d 1462 (9th Cir. 1996). If the ALJ wishes to discount evidence from lay witnesses, he must provide reasons that are germane to each witness. Dodrill v. Shalala, 12 F.3d 915 (9th Cir. 1993). The ALJ failed to provide any reasons to discount the evidence provided by Williams/Irwin.

Similarly, the record contains a July 28, 2004, written

9 - OPINION AND ORDER

statement from plaintiff's wife. As noted above, the statement describes plaintiff's symptoms and limitations. The ALJ again disregarded, without comment, plaintiff's wife's testimony regarding plaintiff's fatigue, lack of interest, inability to motivate himself, frequent absences from work, moodiness, anger, and disinterest in his appearance and hygiene. See Sprague v. Bowen, 812 F.2d 1226 (9th Cir. 1987)(disregard of lay evidence violates Commissioner's regulations that he will consider observations by nonmedical sources at to how impairments affect plaintiff's ability to work).

Finally, the vocational expert testified that plaintiff's frequent absences from work would prevent him from performing both his past relevant work and any other work. Tr. 493-94. Dr. Pati, a medical expert who testified at the hearing, found that there is no evidence in the record that plaintiff's frequent absences from work were due to his use of alcohol or marijuana. Tr. 491.

The record is fully developed and I find no unresolved issues requiring further proceedings. Therefore, giving "great weight" to the DVA disability determination, and considering the evidence provided by plaintiff's wife, and his former employer, I find that plaintiff was disabled throughout the relevant period.

///
///
///
///
///

10   - OPINION AND ORDER

**CONCLUSION**

The Commissioner's decision is not based on substantial evidence, and is therefore, reversed and remanded for payment of benefits. Defendant's motion for remand for further proceedings (doc. 12) is denied.

IT IS SO ORDERED.

Dated this __14__ day of February 2006.


                                           /s/ Ann Aiken
                                              Ann Aiken
                                 United States District Judge